**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MICHAEL D. MARLIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:25-cv-00141** |
| | ) | **Judge Aleta A. Trauger** |
| **EDFINANCIAL SERVICES, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>MEMORANDUM and ORDER</u>**

Before the court is the Motion for Limited Portions of the Court's Summary Judgment Memorandum to Remain Under Seal ("Motion to Seal") (Doc. No. 129), filed by defendant Edfinancial Services, LLC ("Edfinancial"). The motion is opposed by plaintiff Michael Marlin. (Doc. No. 132.) For the reasons set forth herein, the motion will be denied.

## I. BACKGROUND

The court entered an Order and Memorandum granting the defendant's Motion for Summary Judgment and dismissing the remaining claim in this case on July 29, 2026. (Doc. Nos. 126, 127.) The court's Memorandum was filed under seal, "[i]n light of the Stipulated Protective Order entered in this case (Doc. No. 62) and the fact that most of the parties' filings relating to their summary judgment motions ha[d] been filed under seal." (Doc. No. 127.) In the Order dismissing the case, the court gave the parties ten days within which to "notify the court that the Memorandum does not need to be maintained under seal, in which case the court will unseal the Memorandum, or to jointly file a redacted version of the Memorandum, in which event the original will remain under seal." (*Id.*) Neither of those events occurred, however. Instead, the defendant filed its Motion to Seal (Doc. No. 129), along with proposed redacted versions of the court's Memorandum (Doc. Nos. 130, 131), to which the plaintiff has filed a Response in opposition,

arguing that the Memorandum should not be filed under seal and that the defendant has not carried its burden of showing that any portion of the Memorandum should remain under seal (Doc. No. 132).

## II. THE PARTIES' POSITIONS

Defendant Edfinancial seeks to redact approximately thirteen lines from the "Facts and Procedural History" portion of the Memorandum, largely consisting of the testimony of its corporate representative. (*See* Doc. No. 131.) The proposed redactions are narrowly tailored and are not, contrary to the plaintiff's suggestion, particularly relevant to the court's decision. None of the redacted portions, for instance, is cited or referenced in the "Discussion" portion of the Memorandum. Edfinancial argues that the redactions are necessary to protect its "confidential policies and procedures for handling consumer disputes"; that, as a "federal contractor and loan servicer for the U.S. Department of Education's office of Federal Student Aid ('FSA'), [it] is subject to stringent federal data security and confidentiality obligations" that require it to "maintain the confidentiality of its policies and procedures" (citing 44 U.S.C. § 3301; 32 C.F.R. Part 2002); that public disclosure of its dispute-handling policies could enable abuse of the credit reporting system by student loan borrowers, thus potentially undermining the integrity of the credit reporting system and burdening Edfinancial and credit reporting agencies with "responding to a wave of meritless disputes"; that, if made public, Edfinancial's confidential process could be "exploited by bad actors" to "impersonate a borrower or fraudulently manipulate an account or credit reporting information"; and, finally, that disclosure of this information could "prejudice Edfinancial's position in other pending litigation or invite further action from plaintiffs' attorneys using the information as a roadmap for potential claims." (Doc. No. 129 ¶¶ 8–14.)

Plaintiff Michael Marlin argues in response that Edfinancial has not even cited the governing legal standard, much less satisfied that standard. He also addresses each of Edfinancial's

proffered justifications for sealing portions of the Memorandum, first disputing that 44 U.S.C. § 3301 or 32 C.F.R. Part 2002 has any bearing here or requires protecting the confidentiality of Edfinancial's dispute resolution procedures, and also pointing out that Edfinancial has not produced the contracts that supposedly govern its confidentiality obligations. Second, to the extent Edfinancial relies on the Stipulated Protective Order previously entered in this case, Marlin points out that confidentiality provisions governing the parties' discovery conduct do not carry over to a court opinion. Regarding Edfinancial's concerns that its policies could be used by borrowers, bad actors, or litigants, Marlin argues that these concerns amount to speculation and that Edfinancial's generalized concerns fail to satisfy its obligation to show with "specificity" a "clearly defined and serious injury." (Doc. No. 132 at 10–11 (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 307–08 (6th Cir. 2016)).) Finally, he argues that Edfinancial's dispute procedures do not qualify as trade secrets that might justify maintaining their confidentiality.[1]

## III. DISCUSSION

The Sixth Circuit has long recognized that "[t]he public has a strong interest in obtaining the information contained in the court record." *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). The party seeking to seal the records bears a heavy burden of overcoming the presumption in favor of open records, and "only the most compelling reasons can justify non-disclosure of judicial records." *Id.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). Even when a party establishes a compelling reason for sealing a document or certain portions of a document, "the seal itself must be narrowly tailored to serve that reason." *Id.* To that end, "[t]he proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and

[1] Edfinancial did not file an optional reply brief. *See* L.R. 7.01(a)(4).

legal citations.'" *Id.* (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). Generally, "'[i]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault),' [are] typically enough to overcome the presumption of access." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594–95 (6th Cir. 2016) (quoting *Baxter*, 297 F.3d at 546). Further, in ruling on a motion to seal, the court is required to make "specific findings and conclusions '[that] justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176).

In this case, Edfinancial has not carried its burden of establishing that any part of the court's Memorandum should remain under seal. It has not shown or argued that the information at issue is a trade secret or protected by a recognized privilege. Although it cites a statute, that statute simply defines the term "records" as used in Chapter 33 of Title 44 of the U.S. Code, pertaining to the preservation and disposal of federal records. 44 U.S.C. § 3301. Edfinancial also cites, very broadly, the regulations governing "Controlled Unclassified Information," 32 C.F.R. Pt. 2002, which "describe[] the executive branch's Controlled Unclassified Information (CUI) Program (the CUI Program) and establish[] policy for designating, handling, and decontrolling information that qualifies as CUI." 32 C.F.R. 2002.1. However, Edfinancial does not point to a specific regulation within Part 2002 requiring it to maintain the confidentiality of its procedures.

Edfinancial's concerns about the use of its confidential information by borrowers, bad actors, and future litigants are grounded only in conjecture, and it fails to articulate with particularity how access to its confidential processes will make it any easier for bad actors to engage in fraudulent acts. The court further observes that the court's Memorandum did not rely

upon or emphasize the confidential information, making it unlikely that the information Edfinancial designates as confidential will fuel or encourage new litigation. Finally, although Edfinancial's proposed redactions are narrow and limited, comprising a very small portion of the 22-page Memorandum, its failure to articulate the governing standard or to show how that standard pertains to each proposed redaction is fatal to its motion.

In short, Edfinancial has failed to establish a compelling reason for maintaining any portion of the court's Memorandum under seal or to show how that compelling reason pertains to the requested redactions.

## IV. CONCLUSION AND ORDER

For the reasons set forth herein, Edfinancial's Motion to Seal (Doc. No. 129) is **DENIED**, and the Clerk is **DIRECTED** to unseal the court's summary judgment Memorandum, Doc. No. 126, as well as the documents filed in connection with the Motion to Seal and Response thereto, Doc. Nos. 130–32.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge